Steven T. Graham (*pro hac vice*)
Randolph T. Moore (*pro hac vice*)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626
Telephone: 714-427-7000
Facsimile: 714-427-7799
Email: sgraham@swlaw.com
rmoore@swlaw.com

Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
1600 A Street, Suite 304
Anchorage, Alaska 99501
Telephone: 907-264-3303
Facsimile: 907-276-2631
Email: baylousm@lanepowell.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| KATIE VAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>LLR, INC. d/b/a LuLaRoe, and LULAROE, LLC,<br><br>         Defendants. | Case No. 3:18-cv-00197-HRH<br><br>**DEFENDANTS' MOTION**<br>**FOR ATTORNEYS FEES** |

    Pursuant to Federal Civil Rule 54, Local Rule 54.3, and Alaska Civil Rule 82 ("Rule 82"), Defendants LLR, Inc. and LuLaRoe, LLC (together, "LuLaRoe") move for an award of attorney fees.

On March 1, 2019, the Court issued an order dismissing Plaintiff's first amended complaint because Plaintiff lacked standing to maintain this action. [Doc. 52] On March 4, 2019, the Court issued judgment dismissing Plaintiff's claims on the merits. [Doc. 53]

Local Rule 54.3 acknowledges that Rule 82 provides for a fee award in diversity cases. *See Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936, 941 (9th Cir. 2009). Under Rule 82, "[e]xcept as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case *shall* be awarded attorney's fees." Alaska R. Civ. P. 82(a) (*emphasis added*). This district court has noted:

> To fail to make an award under Alaska Civil Rule 82 would frustrate the purpose of the Rule, which is to "partially compensate a prevailing party for attorneys' fees incurred in enforcing or defending the party's rights." *Alaska v. Native Village of Nunapitchuk,* 156 P.3d 389 398 (Alaska 2007). It would frustrate—and disrespect—Alaska law to disallow fees for work done on the state claims.

*Dietzmann v. City of Homer*, No. 09-00019 RJB, 2013 WL 11309599, at *3 (D. Alaska June 11, 2013).

By her first amended complaint, Plaintiff pursued multiple state law claims on behalf of herself and a putative class of consumers in Alaska, who were allegedly overcharged sales taxes on certain interstate clothing purchases. Plaintiff filed her class action in this Court under the Class Action Fairness Act, 28 U.S.C. § 1332(d), alleging diversity of citizenship. Although LuLaRoe issued refunds to Plaintiff and the putative class members in the full amount of the over collected sales taxes long before this action was filed, Plaintiff and her counsel sought to recover more than $36 million, including statutory penalties under Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA"), punitive damages, and an award of attorneys' fees and costs. Plaintiff also sought an injunction against LuLaRoe. This action was a "second bite of the apple" on these claims for Plaintiff and her attorneys, who had sought to substitute her as the Alaska class representative in a prior class action in the Western District of Pennsylvania,

Defendants' Motion for Attorney Fees
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)  Page 2 of 4

Case 3:18-cv-00197-HRH   Document 55   Filed 03/18/19   Page 2 of 4

entitled *Webster v. LLR, Inc.,* which sought the same relief requested here. Those efforts failed after the *Webster* court denied the plaintiffs' motion for class certification, denied Plaintiff's motion to substitute into the action as the Alaska class representative and, dismissed the entire action for lack of subject matter jurisdiction.

As shown by the voluminous briefing and evidence submitted by both parties, Plaintiff's class action raised complex issues relating to the collection and remittance of sales taxes, Article III standing, and standing under state law statutory and common law claims, which necessitated the filing of an extensive motion to dismiss by LuLaRoe on various grounds to defend its rights. The motion presented case law beyond Alaska and the Ninth Circuit law and substantial evidence relating to a factual attack on Plaintiff's jurisdictional allegations. This, in turn, required an extensive, but coordinated, team approach by LuLaRoe's counsel to review and analyze federal case law from all circuits to address numerous and complex issues raised by Plaintiff's claims in this action, including Plaintiff's alleged standing to bring this action. The Court has dismissed those claims on the merits. Thus, LuLaRoe is entitled to an award of attorney fees under Rule 82(b)(2), which provides, "In cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."

Included with the declarations of Brewster H. Jamieson and Steven T. Graham, which are filed herewith, are billing itemizations that evidence all work performed on this matter in the defense of Plaintiff's claims. Through March 7, 2019, LuLaRoe has incurred reasonable and necessary attorney fees totaling $378,093.80. After eliminating fees related to the class issue of superiority and adjusting the rates of LuLaRoe's California-based attorneys to rates consistent with those of local counsel, the amount on which the attorney fees award should be calculated is $245,417, subject to supplementation following conclusion of post-dismissal motions.

Defendants' Motion for Attorney Fees
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)     Page 3 of 4

Case 3:18-cv-00197-HRH   Document 55   Filed 03/18/19   Page 3 of 4

LuLaRoe respectfully requests that the Court award it fees according with Rule 82 and applicable law.

DATED this 18th day of March, 2019.

                                      SNELL & WILMER L.L.P.

                                      By  s/ *Steven T. Graham*
                                          Steven T. Graham (*pro hac vice*)
                                          Randolph T. Moore (*pro hac vice*)

                                      LANE POWELL LLC

                                      By  s/ *Brewster H. Jamieson*
                                          Brewster H. Jamieson, ABA No. 8411122
                                          Michael B. Baylous, ABA No. 0905022

                                      Attorneys for Defendants

I certify that on March 18, 2019, a copy of
the foregoing was served electronically on:

R. Bruce Carlson, bcarlson@carlsonlynch.com
Kelly K. Iverson, kiverson@carlsonlynch.com
Kevin W. Tucker, ktucker@carlsonlynch.com
James J. Davis, Jr., jdavis@njp-law.com
Goriune Dudukgian, gdudukgian@njp-law.com
Steven T. Graham, sgraham@swlaw.com
Randolph T. Moore, rmoore@swlaw.com

s/ *Brewster H. Jamieson*

132017.0001/7608827.1

Defendants' Motion for Attorney Fees
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)     Page 4 of 4

Case 3:18-cv-00197-HRH   Document 55   Filed 03/18/19   Page 4 of 4