R. Bruce Carlson, Esq.
Kelly K. Iverson, Esq.
Kevin W. Tucker, Esq.
 (*All admitted pro hac vice*)
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243 (telephone)
(412) 231-0246 (fax)

James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051
**NORTHERN JUSTICE PROJECT, LLC**
310 K Street, Suite 200
Anchorage, AK 99501
(907) 264-6634 (telephone)
(866) 813-8645 (fax)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE VAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LLR, INC. d/b/a LuLaRoe, and LULAROE, LLC<br><br>Defendants. | Case No. 3:18-cv-00197-HRH<br><br><br>Filed Electronically |

## PLAINTIFF'S OPPOSITION AND OBJECTION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES

## I. Alaska's Rule 82 Does Not Apply to a Dismissal for Lack of Article III Federal Standing.

Alaska R. Civ. P. 82 ("Rule 82") provides for the "prevailing party" to recover a portion of its fees. Here, while the Court styled the judgment as "dismissed on the merits" and "with prejudice," the Court's only holding was that Plaintiff purportedly lacked Article III standing, and the Court did not reach the merits of Plaintiff's claims. *See* ECF 52 ("Because plaintiff lacks standing, the court need not consider defendants' arguments that plaintiff has failed to state plausible claims or defendants' alternative motion to strike plaintiff's class allegations."). Ninth Circuit precedent is clear, however, that a dismissal for lack of subject matter jurisdiction should be ***without*** prejudice. *Missouri v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017). Unless no other court has the power to hear the case, a "case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court."[1] *Frigard v. United States*, 862 F.2d

---

[1] Here, absent this Court's dismissal with prejudice, Plaintiff could assert her claims in Alaska state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016) ("when federal jurisdiction is absent from the commencement of a case, a putative class action is not properly removed [under the Class Action Fairness Act]" and may proceed in state court unless the district court may say with "absolute certainty" that a state court would dismiss the action.). In doing so, Plaintiff would satisfy Alaska's requirement for standing. *See N. Kenai Peninsula Rd. Maint. Serv. Area v. Kenai Peninsula Borough*, 850 P.2d 636, 639–40 (Alaska 1993) (the concept of standing in Alaska is broad and requires only adversity); *Collens v. Adkins*, No. 3AN1405961, 2017 WL 7805383 (Alaska Super. Ct. Aug. 24, 2017) (holding that damages for the loss of a bargained for service is an ascertainable loss) (citing *Kenai Chrysler Ctr., Inc.*, 167 P.3d at 1250-1285 (holding

201, 204 (9th Cir. 1988). Further, when an action is dismissed for lack of Article III standing, it cannot be dismissed on the merits because "the merits have not been considered before dismissal." *Harris*, 847 F.3d at 656.

A party is ***not*** a "prevailing party" when a case is dismissed for lack of subject matter jurisdiction.[2] *Miles v. State of California*, 320 F.3d 986, 988 (9th Cir. 2003); *Idea Place Corp. v. Fried*, 390 F. Supp. 2d 903, 904 (N.D. Cal. 2005) ("a defendant is not considered a 'prevailing party' when dismissal is mandated by a lack of subject matter jurisdiction"); *see also Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 625 (3d Cir. 2002) (citing *Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, County, & Mun. Employees*, 614 F.Supp. 141, 144 (E.D. Pa.1985), aff'd, 810 F.2d 1164 (3d Cir.1987)) (holding "a defendant cannot be considered a 'prevailing party' when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action.").

---

that loss of use of vehicle for 18 months satisfied the ascertainable loss requirement)); *S. Peninsula Hosp. v. Zerox State Healthcare LLC*, 223 F.Supp.3d 929, 934, 940-41 (D. Alaska 2016) (Burgess, J.) (plaintiffs suffered economic harm sufficient to allege an ascertainable loss for their UTPA claim caused by delayed payment of owed reimbursements, explaining that the delayed reimbursements due to defendant's faulty system "resulted in financial harm to [plaintiffs], *including loss of the time value of money*.") (emphasis added).

2     Notably, Alaska's standard for a "prevailing party" is ***more*** stringent than the "extremely generous" federal approach to prevailing party status. *Hickel v. Southeast Conference*, 868 P.2d 919, 925 (Alaska 1994).

This District Court has already rejected the proposition that defendants can recover Rule 82 attorneys' fees when an action is dismissed based on lack of federal subject matter jurisdiction. *Gentemann v. Nana Development Corp.*, No. 3:08-cv-221, 2009 WL 2486040 (D. Alaska Aug. 12, 2009) (Sedwick, J.). In *Gentemann*, the court explained:

> NANA's motion for an award of attorney's fees depends on the premise that it is a prevailing party entitled to recover fees pursuant to Rule 82 of the Alaska Rules of Civil Procedure. Plaintiffs' contention that Rule 82 may not be applied in federal court is incorrect. In cases where the controlling substantive law is Alaska law, attorney's fees may be awarded pursuant to Rule 82. However, the only action taken by the court when it dismissed this case was entirely the result of federal law, not Alaska law. The court resolved no dispute respecting state law, not even a state law standing or jurisdictional issue. In such circumstances, ***it would seem obvious that it would be inappropriate to award attorney's fees to NANA based on the application of the principles of state substantive law reflected in Rule 82 when the dismissal was dictated entirely by federal law without consideration of any state law issue***. To hold otherwise would substitute Rule 82's variation on the "English Rule" allowing recovery of fees by the successful litigant for the "American Rule" which is generally applied to disputes decided under federal law and makes no provision for the recovery of fees. Furthermore, ***awarding fees based on state law when no state law issue was considered, much less decided, would promote neither any state interest, nor any federal interest***.

*Id.* at *2 (emphasis added). The holding in *Gentemann* is consistent with precedent providing that the party must prevail on ***state law claims*** and may only recover the fees associated with defending those state law claims. *See Dietzmann v. City of Homer*, No. 09-00019 RJB, 2013 WL 11309599, at *3 (D. Alaska June 11, 2013) (Rule 82 only applies to recovery of fees for "work done in defense of the state law

claims only and does not include work done on [] federal claims."); *Lyman v. State*, 824 P.2d 703, 707 (Alaska 1992) (party seeking fees bears the burden of segregating state law claim costs).

Here, Defendants did not prevail on any state law claim. Because this Court dismissed Plaintiff's claim based on lack of *federal* Article III standing, Alaska's Rule 82 does not apply. Further, Defendants are not prevailing parties on a matter dismissed for lack of subject matter jurisdiction.

**II.     Defendants Waived Their Right to Recover Attorneys' Fees.**

Defendants' Motion for Attorneys' Fees pursuant to Rule 82 is untimely and waived. In a diversity action, the question of attorneys' fees is governed by state law. *Hilsinger v. Enerco Grp., Inc.*, No. 3:13-CV-00003-TMB, 2015 WL 13554999, at *1 (D. Alaska Aug. 13, 2015). Rule 82 provides that a motion "must" be filed within ten days after entry of judgment and failure to so timely move "shall be construed as a waiver of the party's right to recover attorneys' fees." Alaska R. Civ. P. 82(c).[3] In a diversity action, state law applies to substantive rights; and state law governing the right to an award of attorneys' fees has been held to be substantive. *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 973 (9th Cir. 2013) (explaining "state law denying the right to attorney's fees or giving a right thereto, which

---

[3]     *See also* Fed. R. Civ. P. 54(d)(2)(b) ("*Unless a statute* or a court order provides otherwise" a motion must be filed within 14 days.) (emphasis added).

reflects a substantial policy of the state, should be followed"). Similar to a statute of limitations, rather than being purely procedural, Rule 82 bars the ability to bring a claim for fees more than ten days after judgment is entered. *See King v. Alaska S.S. Co.*, 431 F.2d 994, 996 (9th Cir. 1970) ("The right to bar an action for lapse of time is a substantive right."); *see also Hanna v. Plumer*, 380 US 460, 466 (1965) (a federal court should not disregard a state time limitation that would control in an action for the same claim in state court where the limitation would significantly affect the result of the claim).

In *US v. GBC, L.L.C. Contractors*, this Court held that a motion for attorneys' fees made more than ten days after the court dismissed the claim as untimely under Rule 82. *US v. GBC, L.L.C. Contractors*, No. A03-73 CV, 2005 WL 846211 (D. Alaska Jan. 18, 2005) (Sedwick, J.); *see also Taylor v. Wells Fargo Home Mortg.*, 301 P.3d 182, 195 (Alaska 2013) ("Any attorney's fees for work on behalf of the dismissed defendants should have been requested within ten days of distribution of the final judgment that dismissed those defendants. No timely request was made. Thus, any right to collect those fees has been waived.").

Here, the Court entered judgment on March 4, 2019. Defendants failed to file their Motion for Attorneys' Fees within ten days. Accordingly, Defendants have waived any right to seek fees under Rule 82.

### III. This Court Should Reject Defendants' Fee Request as Unreasonable.

As set forth above, Rule 82 does not apply to this dismissal for lack of subject matter jurisdiction and, if it did, Defendants request for fees is time-barred. However, if this Court considers the fee request, it should use its discretion to reduce the fee award. "Alaska Civil Rule 82 permits a court to vary an attorney's fee award if, after consideration of the factors listed below, the court determines a variation is warranted:"

> (A) the complexity of the litigation;
> (B) the length of trial;
> (C) the reasonableness of the attorneys' hourly rates and the number of hours expended;
> (D) the reasonableness of the number of attorneys used;
> (E) the attorneys' efforts to minimize fees;
> (F) the reasonableness of the claims and defenses pursued by each side;
> (G) vexatious or bad faith conduct;
> (H) the relationship between the amount of work performed and the significance of the matters at stake;
> (I) the extent to which a given fee award may be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts;
> (J) the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer; and
> (K) other equitable factors deemed relevant.

*Dietzmann*, 2013 WL 11309599 at *4 (citing Alaska R. Civ. P. 82(b)(3)).

Here, Defendants seek 20% of their attorneys' fees, alleging to have spent 627.80 hours[4] of work – solely for a Motion to Dismiss – totaling $378,093.80, which they adjusted to $245,417 after allegedly normalizing the rates.[5] Based on this and Defendants' submissions, the factors related to the reasonableness of the hours expended, number of attorneys used, and efforts to minimize fees weigh in favor of a reduced fee. *See Hilsinger v. Enerco Grp., Inc.*, No. 3:13-CV-00003-TMB, 2015 WL 13554999, at *1 (D. Alaska Aug. 13, 2015) (finding that fees of $337,652 are "not inconsequential," but finding them reasonable for *more than two years of work*, including hotly contested discovery and expert witness disclosures).[6]

Further, there was no vexatious or bad faith conduct and the claims pursued were wholly reasonable. Indeed, on March 8, 2019, a District Court in the Ninth Circuit considered and outright rejected Defendants' same Article III standing arguments made here. In *Hill v. LLR, Inc. d/b/a LuLuRoe, and LuLaRoe, LLC,* 4:18-cv-00120-BMM-JCL (D. Montana March 8, 2019) (Attached as **Exhibit A**), the District of Montana issued a Report and Recommendation to deny Defendants'

---

[4] Plaintiff's counsel's time in this action to date is less than 1/3 of Defendants' asserted hours.

[5] This case was pending for 6 month, from September 5, 2018 through March 4, 2019 – a total of approximately 27 weeks. Defendants' hours amount to an attorney working full time on this action for nearly 16 of those 27 weeks.

[6] Defendants' Motion to Dismiss practice is a far cry from litigating to the eve of trial like the defendant in *Hilsinger*, yet Defendants claim to have incurred even greater fees in six months than that defendant did in over two years.

Motion to Dismiss and Motion to Strike Class Allegations. The court explained that the lost time value of money constitutes an ascertainable loss under Montana's Consumer Protection Act and was sufficient to allege damages for Conversion and Deceit under Montana's state law. The court, likewise, found that Ms. Hill satisfied Article III's injury-in-fact requirement based on her allegations of "the temporary deprivation of money by defendant, combined with the lost time value of that money." (Exh. A, p. 21). In doing so, the *Hill* court reviewed this Court's March 1, 2019 opinion, but found the injuries in the cases on which this Court relied[7] to be "materially distinguishable from the monetary injury alleged [by Ms. Hill]." (*Id.* at p. 22).

Finally, a fee award of the sizeable amount requested by Defendants related solely to Rule 12(b) motions practice would be so onerous it would deter similarly situated litigants from the voluntary use of the courts. Indeed, Alaska's Unfair Trade Practices Act ("UTPA") was intended to "encourage injured parties to file suits under the UTPA" in order to "meet the increasing need in Alaska for the protection of consumers as well as honest businessmen from the depredations of those persons employing unfair or deceptive trade practices." *Kenai Chrysler Ctr., Inc. v. Denison*, 167 P.3d 1240, 1260 (Alaska 2007) (citing Judiciary Committee Report on HCSCS

---

[7] *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Skaff v. Meridian N Am. Beverly Hills, LLC*, 506 F.3d 832, 840 (9th Cir. 2007).

for Senate Bill No. 352, House Journal Supp. No. 10 at 2, 1970 House Journal); *Donahue v. Ledgends, Inc.*, 331 P.3d 342, 353 (Alaska 2014). A large fee award after a dismissal solely based on federal standing (particularly where Plaintiff's injury would satisfy the UTPA and the merits of Plaintiff's claims were never determined) would frustrate the legislative purpose behind the UTPA and deter future litigation. Accordingly, the Rule 82(b)(3) factors weigh in Plaintiff's favor.

### IV. Conclusion.

For all of the reasons stated above, Plaintiff respectfully requests this honorable Court to DENY Defendants' Motion for Attorneys' Fees.

Dated: March 21, 2019

**NORTHERN JUSTICE PROJECT, LLC**

By: *James J. Davis, Jr.*_____
James J. Davis, Jr., AK Bar No. 9412140
Goriune Dudukgian, AK Bar No. 0506051

R. Bruce Carlson, Esq.
bcarlson@carlsonlynch.com
Kelly K. Iverson, Esq.
kiverson@carlsonlynch.com
Kevin W. Tucker, Esq.
ktucker@carlsonlynch.com
(*All pro hac vice*)
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

*Attorneys for Plaintiff*