WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE VAN, individually and on behalf )
of all others similarly situated, )
                                                                                 )
                                        Plaintiff,    )
                                                                                 )
   vs.                                                                                )

LLR, INC., d/b/a LuLaRoe, and LULAROE, )
LLC, )
                                                                                 )   No. 3:18-cv-0197-HRH
                                                     Defendants.   )
_____)

## O R D E R

### Motion for Attorney's Fees

Defendants move for an award of attorney's fees.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

### Background

Plaintiff Katie Van brought this diversity action against defendants LLR, Inc., d/b/a LuLaRoe, and LuLaRoe, LLC based on allegations that she had been improperly charged

---

[1] Docket No. 55.

[2] Docket No. 58.

-1-

sales tax on purchases she had made from LuLaRoe retailers in other states. Plaintiff alleged that defendants improperly charged sales tax "on at least 72,503 sales transactions shipped into non-taxing jurisdictions in Alaska from April 2016 through June 1, 2017."[3] Plaintiff asserted two claims on behalf of herself and others similarly situated. In Count I of her amended complaint, plaintiff asserted an Alaska Unfair Trade Practices and Consumer Protection Act (UTPCPA) claim. Plaintiff alleged that

> [d]efendants violated the UTPCPA by knowingly charging and collecting an unlawful sales tax on its clothing sales to [p]laintiff and class member[s]; by failing to disclose that they were not authorized to collect such taxes; and by actively misrepresenting to their customers, directly and through [their] retailers, that their 2016 Tax Policy and their collection of "sales tax" from the class members was proper and lawful.[4]

Plaintiff also alleged that "[d]efendants intentionally violated the UTPCPA by programming their online point-of-sale payment system to collect sales tax on clothing when such collection was unlawful and not authorized by the taxing authority of the buyer."[5] In Count II, plaintiff asserted a conversion claim. For relief, plaintiff sought "an accounting; interest; statutory damages; and punitive damages."[6] Defendants contend that the potential statutory damages for the proposed class would have exceeded $36 million.

---

[3]First Amended Class Action Complaint at 11, ¶ 67, Docket No. 4.

[4]Id. at 19, ¶ 108.

[5]Id. at 19, ¶ 109.

[6]Plaintiff's Opposition to Defendants' Motion to Dismiss at 1, Docket No. 35.

Defendants moved to dismiss plaintiff's complaint, or in the alternative, to strike plaintiff's class allegations. On March 1, 2019, the court granted[7] defendants' motion to dismiss, finding that plaintiff lacked Article III standing, in large part because defendants had already refunded the sales tax she was improperly charged.[8] Judgment was entered on March 4, 2019.[9] The judgment read that the court had ordered that "plaintiff recover nothing, the action be dismissed on the merits."[10]

Pursuant to Rule 54, Federal Rules of Civil Procedure, Local Rule 54.3, and Alaska Civil Rule 82, defendants now move for an award of attorney's fees.

## Discussion

> In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as "state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed."

MRO Communications, Inc. v. American Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 259 n.31

---

[7]Docket No. 52.

[8]The court dismissed plaintiff's claims with prejudice because it determined that amendment would be futile. The court's intention was to dismiss plaintiff's claims without leave to amend because of futility. Pursuant to Rule 60(b), Federal Rules of Civil Procedure, the court has requested leave of the appellate court to correct its order and judgment to reflect its intent. See Order at 3, Docket No. 66.

[9]Docket No. 53.

[10]Id. at 1.

(1975)).  Attorney's fees may be available in a diversity case such as this based on Alaska Rule 82.  Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 973 (9th Cir. 2013).  Rule 82(a) provides that "[e]xcept as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."  Rule 82(b)(2) provides that "[i]n cases in which the prevailing party recovers no money judgment, the court . . . shall award the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."

Because this case involved diversity jurisdiction, the parties' arguments as to attorney's fees focus on Rule 82.  However, there is Ninth Circuit case law that was not cited by the parties that stands for the proposition that "[a] court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees."  Skaff v. Meridien North America Beverly Hills, LLC, 506 F.3d 832, 837 (9th Cir. 2007).  Here, the court lacked jurisdiction of plaintiff's case at the outset because plaintiff lacked Article III standing.  Thus, pursuant to Skaff, the court does not have the authority to award attorney's fees to defendants.

The court is mindful that Skaff appears to be contrary to the Ninth Circuit's statement in Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 887 (9th Cir. 2000), that "[u]nder the law of our circuit, a district court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law, despite a dismissal of the action for lack of subject matter jurisdiction."  But, district courts have routinely declined to follow Kona Enterprises either because that case is distinguishable because the jurisdictional problem was

cured by amendment, see Skaaning v. Sorensen, 679 F. Supp. 2d 1220, 1224 (D. Hawai'i 2010), or because the court has found Kona Enterprises to not be binding authority because it "is contrary to prior established precedent as well as subsequent Ninth Circuit case law[.]" Willow Farms, LLC v. AWCC WCW Holdings, LLC, Case No. 2:15-CV-01862-BR, 2016 WL 4150749, at *2 (D. Or. August 2, 2016) (citation omitted). This court too declines to follow Kona Enterprises and instead follows Skaff and the cases cited therein that hold that when the court lacks subject matter jurisdiction of a case at the outset, it lacks authority to award attorney's fees.

Because the court lacked subject matter jurisdiction of this case from the outset, it lacks authority to award attorney's fees. Defendants' motion for attorney's fees is thus denied.

But even if the court were to consider the Rule 82 arguments raised by the parties, the court would still conclude that defendants' motion for attorney's fees should be denied. Defendants argue that they are entitled to attorney's fees because they were the prevailing parties even though this case was dismissed on jurisdictional grounds. Defendants then cite to a number of cases in support of this argument.

Defendants first cite to Hawkins v. Attatayuk, 322 P.3d 891 (Alaska 2014), in support of their argument. Hawkins involved a dispute over property for which a restricted deed pursuant to the Alaska Native Townsite Act had been granted. Id. at 893-894. Hawkins and Attatayuk, who had once been married, both claimed ownership of the property in question.

Id. Although Hawkins argued that the state superior court did not have subject matter jurisdiction, the superior court disagreed, and the case went to trial. Id. at 894. The jury found in favor of Attatayuk, and the court thereafter awarded her attorney's fees. Id. On appeal by Hawkins, the Alaska Supreme Court held that "[s]tate courts do not have subject matter jurisdiction to adjudicate the title or right to possession of restricted townsite lots." Id. at 895. The Alaska Supreme Court reversed and remanded "with directions to the superior court to DISMISS the case." Id. at 897. The Alaska Supreme Court noted that "[i]n light of this disposition, the award of attorney's fees in favor of Attatayuk must be vacated. Hawkins is the prevailing party and is entitled to an award of attorney's fees in the superior court." Id. at 897 n.21.

Defendants also cite to Foster v. State, Department of Transportation, 34 P.3d 1288 (Alaska 2001). There, Foster brought a trespass claim against the State of Alaska, which "[t]he superior court dismissed for lack of subject matter jurisdiction . . . [b]ecause adjudicating Foster's claim would have required [it] to determine the scope of an easement on Foster's Native allotment, and . . . state courts lack jurisdiction to adjudicate the ownership or right to possession of Native allotment land[.]" Id. at 1289. The superior court awarded attorney's fees to the state, and on appeal, "Foster argue[d] that it was an abuse of discretion to award costs and attorney's fees to the state under Alaska Civil Rules 79 and 82, given the superior court's conclusion that it lacked jurisdiction to adjudicate Foster's complaint." Id. at 1291. The Alaska Supreme Court rejected this argument, holding that the

superior "court could award the state costs and attorney's fees under Civil Rules 79 and 82, even after it concluded that it lacked jurisdiction over Foster's claims." Id.

Defendants next cite to Conoco, Inc. v. State, Department of Natural Resources, Case No. 1JU-91-796, 1993 WL 13563632 (Alaska June 9, 1993). There, the superior court awarded attorney's fees to the state after it dismissed the plaintiffs' breach of contract claims because the plaintiffs had to pursue their claims against the state administratively. Id. at *1. The plaintiffs argued that no attorney's fees should have been awarded because the state was not the prevailing party. Id. at *3. The Alaska Supreme Court observed that "[a] dismissal for lack of subject matter jurisdiction is without prejudice, so in a technical sense no issues have been joined and no prevailing party yet exists. On the other hand, we do not approach the definition of a prevailing party in such a rigid fashion." Id. The Alaska Supreme Court held that the plaintiffs' "independent action required the state to expend time and money on considerable motion-related paperwork and oral arguments, even if the state simply challenged the trial court's jurisdiction. Therefore, the issues here were joined in a practical sense, and [the lower court] did not abuse [its] discretion by awarding the state attorney's fees." Id.

In all of these state court cases cited by defendants, the cases were dismissed based on state law jurisdictional grounds. But, in this case, plaintiff's claims were dismissed because plaintiff lacked Article III standing. In other words, plaintiffs' claims were dismissed based on federal law, not state law. Because defendants did not prevail on any

issue of state law, plaintiff argues that defendants cannot be considered the "prevailing parties" for purposes of Rule 82.

Plaintiff cites to <u>Gentemann v. NANA Development Corp.</u>, Case No. 3:08–cv–221 JWS, 2009 WL 2486040 (D. Alaska Aug. 12, 2009), in support of her argument. There, the court had dismissed the plaintiffs' state law tort claim against NANA for lack of subject matter jurisdiction. <u>Id.</u> at *1. NANA then moved for an award of attorney's fees. <u>Id.</u> at *2. The court denied the motion, explaining that

> the only action taken by the court when it dismissed this case was entirely the result of federal law, not Alaska law. The court resolved no dispute respecting state law, not even a state law standing or jurisdictional issue. In such circumstances, it would seem obvious that it would be inappropriate to award attorney's fees to NANA based on the application of the principles of state substantive law reflected in Rule 82 when the dismissal was dictated entirely by federal law without consideration of any state law issue. To hold otherwise would substitute Rule 82's variation on the "English Rule" allowing recovery of fees by the successful litigant for the "American Rule" which is generally applied to disputes decided under federal law and makes no provision for the recovery of fees. Furthermore, awarding fees based on state law when no state law issue was considered, much less decided, would promote neither any state interest, nor any federal interest.

<u>Id.</u> Similarly here, plaintiff argues that the dismissal of her claims was based entirely on federal law. Plaintiff insists that in order for defendants to be entitled to attorney's fees under Rule 82, defendants must have prevailed on some issue of state law, which they did not do here.

There is, however, case law from this district to the contrary. In United States ex rel. Rebar Placement Co. v. GBC, L.L.C. Contractors, Case No. A03–73 CV JWS, 2005 WL 846211 (D. Alaska Jan. 18, 2005), Rebar brought Miller Act claims against GBC's sureties and state law claims against the GBC, and GBC brought a state law counterclaim against Rebar. Id. at *1. After the court dismissed the Miller Act claims, GBC moved for dismissal of the parties' state law claims and counterclaim arguing that the court should decline to exercise supplemental jurisdiction. Id. The court granted GBC's motion to dismiss and GBC then moved for an award of attorney's fees pursuant to Rule 82. Id. The court held that GBC was "entitled to recover the attorney's fees it incurred in defending against RPC's state-law claims because it is the prevailing party under Rule 82." Id. The court explained:

> District courts follow state rules for awarding attorney's fees when exercising their subject matter jurisdiction over state-law claims. In Alaska, Rule 82 provides for an award of attorney's fees to the prevailing party in a civil case. A party prevails if it succeeds on the main issues in the action, or if the case against it is dismissed, even when there is no final determination on the merits.

Id. (citations omitted).

This court finds Gentemann, which is the later of the two cases, more persuasive. To award attorney's fees based on a state substantive rule such as Rule 82 in a case in which the defendants did not prevail on any issue of state law would run counter to the general rule that applies in federal cases, which is that attorney's fees are not recoverable. Because

defendants did not prevail on any issue of state law, they are not "prevailing parties" for purposes of Rule 82.

## Conclusion

Based on the foregoing, defendants' motion for attorney's fees is denied.

DATED at Anchorage, Alaska, this 2nd day of May, 2019.

/s/ H. Russel Holland
United States District Judge