Steven T. Graham (admitted *pro hac vice*)
Randolph T. Moore (admitted *pro hac vice*)
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California  92626
(714) 427-7000 Telephone
(714) 427-7799 Facsimile
Email:  sgraham@swlaw.com
Email:  rmoore@swlaw.com

Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022
Lane Powell, PC
1600 "A" Street, Suite 304
Anchorage, Alaska  99501-5148
(907) 264-3325 Telephone
(907) 276-2631 Facsimile
Email:  jamiesonb@lanepowell.com
Email:  baylousm@lanepowell.com

*Attorney for Defendants,* LLR, Inc.,
d/b/a LuLaRoe, and LuLaRoe, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE VAN, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>LLR, INC., d/b/a LuLaRoe, and LuLaRoe, LLC<br><br>          Defendants. | Case No. 3:18-cv-00197-HRH<br><br>**LLR's Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)**<br><br>[Oral Argument Requested]<br><br>Filed Electronically |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ............................................................................6

II.  PROFESSOR FITZPATRICK'S OPINIONS ARE
     ADMISSIBLE BECAUSE THEY ARE BASED UPON
     FACTUAL ANALYSES AND WILL ASSIST THE TRIER OF
     FACT ..........................................................................................9

     A.   Professor Fitzpatrick's Unchallenged Typical Recovery
          Opinions Are Admissible ...................................................11

     B.   Professor Fitzpatrick's Social Welfare Opinions Are
          Admissible Because They Don't Assert Legal
          Conclusions and Will Help the Court Determine Whether
          Van's Proposed Class Action Satisfies Rule 23(b)(3)'s
          Superiority Requirement ....................................................15

III. VAN'S OTHER ARGUMENTS DO NOT WARRANT
     STRIKING PROFESSOR FITZPATRICK'S OPINIONS ...........................20

     A.   Van's Attack on Professor Fitzpatrick's Qualifications Is
          Meritless ..........................................................................20

     B.   The Law of the Case Doctrine Does Not Apply Because
          the Court Did Not Rule on Whether LLR's Refund
          Program is Superior to Van's Class Action ........................23

IV.  CONCLUSION.............................................................................25

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick, Esquire,
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 2 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 2 of 26

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Askins v. U.S. Department of Homeland Security*,
   899 F.3d 1035 (9th Cir. 2018) .................................................... 23, 24

*Bateman v. Am. Multi-Cinema, Inc.*,
   623 F.3d 708 (9th Cir. 2010).................................................................17

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975)..................................................................17

*Cruise Lines International Ass'n Alaska v. City and Borough of
   Juneau, Alaska*,
   No. 1:16-cv-0008-HRH, 2018 WL 11321027 (D. Alaska, May 24,
   2018)......................................................................................................12

*Daubert v. Merrell Dow Pharm., Inc.*,
   43 F.3d 1311 (9th Cir. 1995).......................................................... 10, 13

*Forney v. Hopkins*,
   No. CV 07-152-M-JCL, 2009 WL 10677845 (D. Mont. Mar. 30,
   2009)......................................................................................................18

*Hangarter v. Provident Life & Acc. Ins. Co.*,
   373 F.3d 998 (9th Cir. 2004)..................................................................23

*In re Aqua Dots Products Liability Litigation*,
   654 F.3d 748 (7th Cir. 2011)..................................................................19

*In re ConAgra Foods, Inc.*,
   302 F.R.D. 537 (C.D. Cal. Aug. 1, 2014) ...................................... 21, 23

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975)..................................................................15

*Katz v. Carte Blanche Corp.*,
   496 F.2d 747 (3d Cir. 1974)...................................................................16

*Kumho Tire Co. v. Carmichael*,
   526 U.S. 137 (1999) ...............................................................................11

*Matuez v. Lewis*,
   No. CV 11-7411-JVS JPR, 2012 WL 3582122 (C.D. Cal. May 9,
   2012)......................................................................................................21

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick, Esquire,
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 3 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 3 of 26

*NetAirus Techs., LLC v. Apple, Inc.*,
No. LACV1003257JAKEX, 2013 WL 11237200 (C.D. Cal. Oct. 23, 2013) ...........................................................................................13

*Porsch v. LLR, Inc.*,
No. 18CV9312 (DLC), 2019 WL 3532114 (S.D.N.Y., Aug. 2, 2019)......................................................................................................15

*Primiano v. Cook*,
598 F.3d 558 (9th Cir. 2010)....................................................................17

*Romero v. Allstate Ins. Co.*,
52 F. Supp. 3d 715 (E.D. Pa. 2014) .......................................................12

*Rountree v. Ching Feng Blinds Industry Co., Ltd.*,
No. 3:04–cv–112 JWS, 2008 WL 7811566 (D. Alaska June 17, 2008).......................................................................................................12

*Stacy v. Colvin*,
825 F.3d 563 (9th Cir. 2016)....................................................................24

*Stilwell v. Smith & Nephew, Inc.*,
482 F.3d 1187 (9th Cir. 2007) ...........................................................9, 10

*U.S. v. Lummi Indian Tribe*,
235 F.3d 443 (9th Cir. 2000)....................................................................24

*United States v. Strode*,
229 F.3d 1161, 2000 WL 890740 (9th Cir. 2000) ..............................13

*Vucinich v. Paine, Webber, Jackson & Curtis, Inc.*,
803 F.2d 454 (9th Cir. 1986)....................................................................18

*Witt v. Chesapeake Expl., L.L.C.*,
No. 2:10-CV-22-TJW, 2011 WL 2790174 (E.D. Tex. July 14, 2011).......................................................................................................12

*Woodard v. Andrus*,
No. CIV. A. 03-2098, 2009 WL 140527 (W.D. La. Jan. 20, 2009) ...................12

## RULES

Fed. R. Civ. P. 23(a)................................................................................21

Fed. R. Civ. P. 23(b) .........................................................................17, 21

Fed. R. Civ. P. 23(b)(3)........................................9, 11, 12, 15, 17, 20, 24

Fed. R. Evid. 702 .........................................................................9, 10, 23

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick, Esquire, (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 4 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 4 of 26

# OTHER AUTHORITIES

1 McLaughlin on Class Actions § 5:63 (17th ed.)....................................................24

7AA Fed. Prac. & Proc. Civ. § 1779 (3d ed.).........................................................25

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick, Esquire,
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 5 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 5 of 26

# I.    INTRODUCTION

Plaintiff Katie Van's ("Van") Motion to Strike Expert Declaration of Brian Fitzpatrick ("Motion") characterizes Professor Brian Fitzpatrick's opinions as legal conclusions. Van is wrong, as Professor Fitzpatrick's six opinions completely satisfy the four elements of Federal Rule of Evidence 702. Professor Fitzpatrick's six opinions are admissible because they *rely on extensive empirical data* central to his area of scholarship, and contrary to Van's claim, they provide a purely *factual analysis* based on reliable principles and methods, which have been applied to the facts of this case. Specifically:

1) The defendants (*i.e.*, LLR) have already refunded significantly more money than they would have in the typical class action. In particular, LLR refunded 100% of the class's losses, whereas defendants usually settle for 20% or less of the class's losses in the typical class action.

2) The class has already received more total compensation than it would have received in the typical class action. In particular, due to the transaction costs class members typically have to pay in class actions but have not had to pay under LLR's voluntary refund program, in the typical class action, the class would have received 14% of its losses or less,

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 6 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 6 of 26

whereas the putative class here has already received 100% of its losses from LLR's program.

3) More of the putative class members here have already shared in compensation under LLR's refund program than they would have in the typical class action. In particular, 100% of the putative class has already been issued refunds, whereas in the typical class action, only 9% of class members would have shared in settlement proceeds.

4) LLR's voluntary refund program has already refunded more putative class members more of their losses than any other program that a judge cited as a reason to deny class certification that Professor Fitzpatrick could find.

5) It is likely to undermine social welfare to certify class actions solely for extra-compensatory damages like punitive and statutory damages.

6) Certifying a class action here would serve neither the compensatory nor deterrent purpose of the class action and is likely to undermine social welfare.

[Dkt. #108-4 (Apx., Ex. D, pp. 59–60 (¶38)).]

The first four of Professor Fitzpatrick's six opinions (the "Typical Recovery Opinions") provide the Court with factual conclusions—based upon extensive data

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 7 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 7 of 26

examined in Professor Fitzpatrick's research—that LLR's voluntary refund program provided more total compensation to more putative class members than the typical class action. None of these opinions assert legal conclusions, which Van seems to acknowledge, as she does not specifically challenge any of these opinions.

Instead, Van's Motion only challenges Professor Fitzpatrick's fifth and sixth opinions (the "Social Welfare Opinions") that discuss the implications on social welfare of certifying a class action where, like here, the putative class has already been fully refunded. The Social Welfare Opinions are admissible because they are also based upon a purely factual analysis of whether utility will go up or down if a class action like this one is certified. In other words, this Court determines whether the class should be certified, and Professor Fitzpatrick's opinions explain the consequences of that decision.

Van's other arguments likewise have no merit. Her attack on Professor Fitzpatrick's qualifications regarding social welfare should be ignored. As illustrated by Professor Fitzpatrick's CV, he has studied, written on, and otherwise been a member of the law and economics academic community for many years, and is therefore qualified to opine as an expert on social welfare issues. [Dkt. #108-4 (Apx., Ex. D, pp. 42–45, 61–72 (¶¶1–2, 5, & Appendix 1)).]

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 8 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 8 of 26

Moreover, Van's law of the case doctrine argument is meritless, as the Court did not previously decide that LLR's refund program is not superior to this class action. [Dkt. #72 (pp. 18–19).] Instead, the Court noted the split in authority regarding whether refund programs are considered a method of adjudication under Rule 23(b)(3) (without ruling on the issue), and deferred ruling on whether Van's proposed class is superior to LLR's voluntary refund program. [*Id.*, at p. 19.] The majority approach, which Van does not dispute, is that defendant-administered refund programs may be found superior to a class action under Rule 23(b)(3). [*See* Dkt. #107, at pp. 24–25.] Accordingly, Van's Motion should be denied.

## II. PROFESSOR FITZPATRICK'S OPINIONS ARE ADMISSIBLE BECAUSE THEY ARE BASED UPON FACTUAL ANALYSES AND WILL ASSIST THE TRIER OF FACT

Federal Rule of Evidence 702 permits testimony by experts qualified by "knowledge, skill, expertise, training, or education" to testify "in the form of an opinion or otherwise" based on "scientific, technical, or other specialized knowledge" if that knowledge will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "The expert's testimony must be 'based upon sufficient facts or data,' 'the product of reliable principles and methods,' and the expert must 'appl[y] the principles and methods reliably to the facts of the case.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187,

1191–92 (9th Cir. 2007) (citing Fed. R. Evid. 702); *see also Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995) ("One very significant fact to be considered is whether the experts are proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying.").

Rule 702 is concerned with ensuring expert testimony is both reliable and helpful. *Stilwell*, 482 F.3d at 1192. Expert testimony is helpful if it is relevant, and it is reliable if the expert's methodology is sound, regardless of the correctness of the expert's conclusions. *Id*. at 1192–93 (holding expert's testimony was admissible because it was both reliable and helpful, even though it did not guarantee that the plaintiff would prevail).

Here, Professor Fitzpatrick's opinions are admissible because (1) he is qualified by virtue of his knowledge, expertise, and education;[1] (2) his opinions are the product of his specialized knowledge in the form of his research and scholarship, which in turn are predicated upon reliable empirical data;[2] and (3) his

---

[1] [Dkt. #108-4 (Apx., Ex. D, pp. 42–45, 61–72 (¶¶1–5, & Appendix 1)).]

[2] [Dkt. #108-4 (Apx., Ex. D, pp. 42–45, 73–137 (¶¶2–5, & Appendices 2–3)).]

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 10 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 10 of 26

opinions will assist the Court in determining the impact of the Court's decision

regarding whether the superiority requirement under Rule 23(b)(3) is satisfied.

### A. Professor Fitzpatrick's Unchallenged Typical Recovery Opinions Are Admissible

Professor Fitzpatrick's Typical Recovery Opinions provide the Court with

factual conclusions—based upon extensive empirical data examined in Professor

Fitzpatrick's research—that LLR's voluntary refund program provided more total

compensation to more putative class members than the typical class action. [*See*

Dkt. #108-4 (Apx., Ex. D, pp. 42–45, 50–55, 59–60, 73–137 (¶¶2–5, 17–25, 38 &

Appendices 2–3)).] None of these opinions assert legal conclusions, which Van

does not challenge. As a result, these opinions should be deemed admissible

because it is undisputed that they present factual conclusions rather than legal ones.

*See, e.g., Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (noting that the

trial judge has the discretion "both to avoid unnecessary 'reliability' proceedings in

ordinary cases where the reliability of an expert's methods is properly taken for

granted, and to require appropriate proceedings in the less usual or more complex

cases where cause for questioning the expert's reliability arises").[3]

---

[3] Van also does not challenge Professor Fitzpatrick's qualifications regarding the
Typical Recovery Opinions, nor can she, as Professor Fitzpatrick's declaration and
CV show that the empirical work underlying these opinions is at the heart of his

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)     Page 11 of 26

Many of the cases Van cites further confirm that the Typical Recovery Opinions are admissible because they are purely factual in nature. *See, e.g., Rountree v. Ching Feng Blinds Industry Co., Ltd.*, No. 3:04–cv–112 JWS, 2008 WL 7811566 at *2 (D. Alaska June 17, 2008) ("opinion testimony from an expert regarding issues of fact to be determined by a jury is permissible" and refusing to strike the expert's opinions that were factual in nature); *Cruise Lines International Ass'n Alaska v. City and Borough of Juneau, Alaska*, No. 1:16-cv-0008-HRH, 2018 WL 11321027, at *2 (D. Alaska, May 24, 2018) (J. Holland) (explaining there is nothing improper where, like here, an expert compares the facts of a current case to other cases).

Moreover, the litany of other cases Van cites all stand for the same uncontroversial—and inapplicable—principle that an expert cannot tell the trier of fact what result to reach. LLR does not dispute that clearly defined rule. These cases do not apply to Professor Fitzpatrick's opinions because he does not tell the Court whether the superiority element under Rule 23(b)(3) is met.[4]

--------

research and scholarship. [Dkt. #108-4 (Apx., Ex. D, pp. 42–45, 73–137 (¶¶2–5, & Appendices 2–3)).]

[4] Van's reliance on *Romero v. Allstate Ins. Co.*, 52 F. Supp. 3d 715, 723 (E.D. Pa. 2014), *Witt v. Chesapeake Expl., L.L.C.*, No. 2:10-CV-22-TJW, 2011 WL 2790174, at *2 (E.D. Tex. July 14, 2011), and *Woodard v. Andrus*, No. CIV. A. 03-2098, 2009 WL 140527, at *1 (W.D. La. Jan. 20, 2009) is likewise misplaced

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 12 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 12 of 26

Instead, Professor Fitzpatrick provides the Court with opinions on factual topics regarding the typical recoveries in class actions and social welfare issues regarding class actions. Should the Court deem the opinions relevant, as it should, then Professor Fitzpatrick's opinions will support a finding that the superiority element is not met. Accordingly, Professor Fitzpatrick's unchallenged Typical Recovery Opinions are admissible.[5]

In her reply, Van may try to criticize Professor Fitzpatrick's Typical Recovery Opinions because he did not consider this class action in his comparative analysis of participation or recovery rates. [Dkt. #111-2 (Ex. 2 (Fitzpatrick Depo, 22:25–25:15)).][6] But as Professor Fitzpatrick explained, a pending, unresolved, and

---

because unlike the experts in those cases, Professor Fitzpatrick's opinions do not tell the Court whether the elements to certify a class action are satisfied.

[5] Even if the Court strikes the Social Welfare Opinions, which LLR disputes should occur, Professor Fitzpatrick's unchallenged Typical Recovery Opinions remain admissible. *See*, *e.g.*, *NetAirus Techs., LLC v. Apple, Inc.*, No. LACV1003257JAKEX, 2013 WL 11237200, at *2 (C.D. Cal. Oct. 23, 2013) ("District courts have wide latitude in applying the *Daubert* reliability analysis. That discretion includes the ability to exclude portions of expert testimony that fail to meet the *Daubert* standards while allowing the expert to testify as to other matters.") (citations omitted); *United States v. Strode*, 229 F.3d 1161, 2000 WL 890740, at *2 (9th Cir. 2000) (district court did not abuse its discretion in partially excluding expert testimony) (unpublished).

[6] This assumption is based on the fact that Van's Motion is very similar to a motion her attorneys filed in the related sales tax class action filed in the Montana District Court, *Hill v. LLR, Inc.*, Case No. 4:18-cv-00120-BMM, as well as Van's

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 13 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 13 of 26

uncertified class action cannot serve as a valid comparison to LLR's refund program because "we don't know what's going to happen in [that] class action." [*Id.*, at 25:4–8.] Such speculative outcomes are too uncertain and unreliable to serve as a point of comparison.

Ironically, the testimony that Van relies on from *Hill* was given approximately six months before Hill's class action was dismissed in its entirety with prejudice. [Dkt. #109-7.] Thus, the putative class members in *Hill* recovered nothing from the efforts of Van's counsel.

The abject failure of the *Hill* class action further supports Professor Fitzpatrick's reasoned opinion to exclude that class action's prospective, but uncertain and unreliable, outcome from his comparative analysis of LLR's refund program. But even if Professor Fitzpatrick could have accurately predicted the outcome in *Hill* when he was deposed, his opinion would have shown that LLR's refund program delivered far more compensation to a far larger number of putative class members than plaintiff Hill achieved by her failed class action.

The same can be said about the thousands of putative class members in *Webster v. LLR, Inc.*, Case No. 2:17-cv-00225-DSC, an 11-state class action filed

---

attorneys' use of Professor's Fitzpatrick's deposition testimony in *Hill* to support this Motion. Presumably, Van's attorneys will file a similar reply since LLR's opposition is similar.

by Van's attorneys in the Western District of Pennsylvania, or the class members in *Porsch v. LLR, Inc. et al*, Case No. 1:18-cv-09312-DLC, a class action filed by Van's attorney in the Southern District of New York. Both of these cases were dismissed, with the putative class members receiving no recovery from the class action. [Dkt. #109-1, 109-2, *Porsch v. LLR, Inc.*, No. 18CV9312 (DLC), 2019 WL 3532114, *4 (S.D.N.Y., Aug. 2, 2019).] But, fortunately for the putative class members in *Webster, Porsch,* and *Hill*, LLR issued automatic refunds to them before any recovery could have been obtained through class action litigation. Thus, Professor Fitzpatrick wisely based his opinions on the actual outcomes in typical class actions as opposed to the speculative—but clearly less favorable—outcomes in sales tax class actions filed by Van's attorneys.

### B. Professor Fitzpatrick's Social Welfare Opinions Are Admissible Because They Don't Assert Legal Conclusions and Will Help the Court Determine Whether Van's Proposed Class Action Satisfies Rule 23(b)(3)'s Superiority Requirement

Rule 23(b)(3)'s superiority prong requires the Court to analyze whether "a class action is superior to other available methods of fairly and efficiently adjudicating the controversy." The Court has "broad discretion" in determining whether an action satisfies the superiority prong. *See Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210, 212 (9th Cir. 1975) (recognizing that Rule 23(b)(3) does not provide an exhaustive list of factors for determining the superiority question). In

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)                    Page 15 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 15 of 26

exercising this discretion, the Court "must 'take into account several different interests [] from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant.'" *Id*. at 212 (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 760 (3d Cir. 1974).)

As detailed in LLR's Opposition to Motion for Class Certification (Dkt. #107, at pp. 29–34), LLR contends that the Court should exercise its broad discretion and consider Professor Fitzpatrick's Social Welfare Opinions as part of its superiority analysis. The opinions are relevant to whether the proposed class can more fairly and efficiently adjudicate the dispute vis-à-vis LLR's refund program, as they show that certifying a class solely for extra-compensatory damages like punitive and statutory damages serves neither a deterrent nor compensatory purpose. [*See* Dkt. #108-4 (Apx., Ex. D, pp. 55–60 (¶¶26–38)).]

These opinions are not legal conclusions as Van asserts. Properly read, Professor Fitzpatrick's Social Welfare Opinions do not opine on the law, but rather on how certifying the class affects social welfare. As explained above, whether social welfare and other refund programs are relevant to the superiority analysis is for the Court to decide—that is the legal question. [*See* Dkt. #108-4 (Apx., Ex. D, pp. 49 (¶16)) (noting the "split among courts over whether and where under Rule

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)     Page 16 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 16 of 26

23 voluntary refund programs can be considered on a motion for class

certification" and stating "[a]lthough I will not opine on the proper reading of Rule

23, I will opine that, as far as public policy is concerned, it is better to consider

voluntary refund programs"); *see also* Dkt. #111-2 (Fitzpatrick Depo., at 15:24–

16:8) (acknowledging that his opinions may not be relevant if applicable law

provided that a voluntary refund program is not another form of adjudication under

Rule 23(b)).]

Professor Fitzpatrick clearly acknowledged that it is not his role to determine

the relevance of his opinions to the Court's analysis of whether Van has satisfied

Rule 23(b)(3)'s superiority requirement.[7] But, to the extent the Court considers

social welfare and other refund programs to be relevant to the superiority analysis,

then Professor Fitzpatrick's declaration will aid the Court, as the trier of fact, in

understanding the facts regarding those issues and in "determin[ing] a fact in

issue:" whether the superiority element of Rule 23(b)(3) is met. *See Primiano v.*

---

[7] Van's reliance on *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712–13 (9th Cir. 2010) to argue Professor Fitzpatrick's Social Welfare Opinions are irrelevant misses the mark because Professor Fitzpatrick does not provide an opinion of whether Rule 23(b)(3) has been satisfied based on the facts here. Instead, he provides a factual analysis that, if deemed relevant by the Court, would help the Court in determining whether Rule 23(b)(3) is satisfied. Similarly, *Blackie v. Barrack*, 524 F.2d 891, 899 (9th Cir. 1975) is inapposite because Professor Fitzpatrick's Social Welfare Opinions do not represent an attack on the class action device at all.

*Cook*, 598 F.3d 558, 567 (9th Cir. 2010) (expert testimony that artificial joint "fail[ed] to perform in the manner reasonably to be expected in light of [its] nature and intended function" was admissible because it assisted the trier of fact even though expert did not know why the joint failed); *Forney v. Hopkins*, No. CV 07-152-M-JCL, 2009 WL 10677845, at *2, 4 (D. Mont. Mar. 30, 2009) (holding expert testimony regarding the standard of care for preparing horses and riders for a horseback ride would assist the trier of fact in determining whether defendants had, in fact, breached the standard of care); *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.*, 803 F.2d 454, 461 (9th Cir. 1986) (holding it was an abuse of discretion to exclude expert "[t]estimony as to whether in the understanding of the industry the defendant had 'control' of [plaintiff's] account" because the testimony "would [] have assisted the trier of fact 'to understand the evidence'").

Finally, Van cannot render Professor Fitzpatrick's opinions irrelevant or moot simply by claiming she does not dispute the effectiveness of LLR's refund program for class certification purposes. [Dkt. #112, at pp. 15–16.] Like Van's motion for class certification and reply, this argument ignores the undisputed fact that Van's attorneys actively—but unsuccessfully—sought to enjoin LLR from refunding overpaid sales taxes to Van and the Alaska putative class in their unsuccessful *Webster* action, which Van sought to join as an Alaska class

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 18 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 18 of 26

representative. [*See* Dkt. #109-3 (RFJN, Ex. 3, pp. 46–48 (*Webster* Emergency

Motion)); Dkt. #109-4 (RFJN, Ex. 4, p. 50 (*Webster* Order Denying Emergency

Motion)); Dkt. #109-5 (RFJN, Ex. 5, pp. 52–55 (Plaintiff's Motion to Substitute

Class Representative in *Webster*)).][8] As Professor Fitzpatrick's factual analysis

explains, because LLR voluntarily incurred all the expenses necessary to

automatically refund all over collected sales taxes to all affected consumers, the

compensatory benefits of the refund program, as compared to a typical class

action, go far beyond the amount of the refunds themselves. [*See* Dkt. #108-4

(Apx., Ex. D, pp. 51–53 (¶¶ 19–23)) (examining the transaction costs of typical

class actions versus LLR's refund program).]

    In terms of social welfare, Professor Fitzpatrick's analysis explains, among

other things, how class actions based almost solely on extra-compensatory

damages can result in overdeterrence that reduces social welfare. [*Id*., at pp. 55–57

---

[8] Although not specifically mentioned in Professor Fitzpatrick's declaration, the significant expenses that LLR incurred to ensure a full refund to consumers included the legal expenses of opposing and ultimately defeating Webster's motion to enjoin the refund program. As explained in LLR's Opposition (Dkt. #107, at pp. 54–56), this serves as a separate ground to deny class certification. *See In re Aqua Dots Products Liability Litigation*, 654 F.3d 748, 752 (7th Cir. 2011) (affirming denial of certification based on defendant's refund program, and explaining that "[i]nstead of departing from the text of Rule 23(b)(3), the district court should have relied on the text of Rule 23(a)(4)" in finding the refund program precluded certification).

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)    Page 19 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 19 of 26

(¶¶ 27–31) (examining the societal impact of overdeterrence on social welfare).][9]

Indeed, it is not hard to imagine how this type of overdeterrence could cause other businesses to avoid taking the proactive measures that LLR took at its own expense or stop selling products that might otherwise benefit consumers. Thus, this Court should disregard Van's invitation to ignore LLR's refund program, as well as Professor Fitzpatrick's factual analysis as to the benefits and social welfare costs that flow from this program, in determining whether this class action is superior to the refund program in terms of fairness and efficiency under Rule 23(b)(3).

Accordingly, Professor Fitzpatrick's Social Welfare Opinions are admissible because they will assist the trier of fact.

## III.   VAN'S OTHER ARGUMENTS DO NOT WARRANT STRIKING PROFESSOR FITZPATRICK'S OPINIONS

### A.   Van's Attack on Professor Fitzpatrick's Qualifications Is Meritless

Van attacks Professor Fitzpatrick's qualifications in two respects, neither of which have merit.

---

[9] To give perspective for the potential overdeterrence at issue, it bears repeating—because Van ignores it here in her reply in support of class certification—that Van's class action seeks statutory damages in excess of $36 million plus punitive damages based on an alleged loss of interest to the entire putative class of approximately $1,700 on the fully refunded amount of $255,483. [Dkt. #107, at p. 8.]

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 20 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 20 of 26

First, she notes that Professor Fitzpatrick has "never before served as an expert to provide an opinion as to the satisfaction of the Rule 23(a) or (b) factors for certifying a class action." [Dkt. #112, at p. 3.] That remains true here. Professor Fitzpatrick's declaration does not provide an opinion regarding whether the superiority element is satisfied. Instead, he provides facts based upon data he has gathered in his research and scholarship and he compares those facts to LLR's refund program, and in doing so, he assists the Court in fulfilling its responsibility in determining whether the superiority element is satisfied.

Moreover, whether Professor Fitzpatrick has served as an expert on a given topic before is irrelevant to whether he is qualified to do so in this case. *In re ConAgra Foods, Inc.,* 302 F.R.D. 537, 550–51 (C.D. Cal. Aug. 1, 2014) ("The threshold for qualification is low for purposes of admissibility; minimal foundation of knowledge, skill, and experience suffices. Prior experience need not consist of prior expert witness testimony on the same issue.") (internal quotation marks and citations omitted). Needless to say, if every expert were disqualified because it was his or her first time testifying as an expert on a particular topic, then there would be no experts. *Matuez v. Lewis*, No. CV 11-7411-JVS JPR, 2012 WL 3582122, at *8 (C.D. Cal. May 9, 2012), *report and recommendation adopted,* No. CV 11-7411-JVS JPR, 2012 WL 3582629 (C.D. Cal. Aug. 20, 2012) (noting that "[i]f witnesses

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 21 of 26

could not testify for the first time as experts, we would have no experts") (citation omitted).

Second, Van questions Professor Fitzpatrick's qualifications to provide a social welfare analysis.[10] [Dkt. #112, at p. 3.] But in doing so, Van demonstrates a lack of understanding of the academic field within which "social welfare" sits. To challenge Professor Fitzpatrick's qualifications, Van's counsel focused on Professor Fitzpatrick's educational background and experience, including by asking whether Professor Fitzpatrick has a degree in social work. [Dkt. #112, at p. 3; Dkt. #111-2 (Fitzpatrick Depo., at 20:16–18).] As Professor Fitzpatrick explains in his supplemental declaration, the field of social work is irrelevant to social welfare analysis, however, which is performed in the field of law and economics, in which Professor Fitzpatrick is an expert. [Ex. A (Supplemental Declaration of Brian T. Fitzpatrick (¶¶2–6); Dkt. #111-2 (Fitzpatrick Depo., at 18:9–20:11).]

As illustrated by Professor Fitzpatrick's CV, he has studied, written on, and otherwise been a member of the law and economics academic community for many years, and is therefore qualified to opine as an expert on social welfare issues. [Ex. A (¶¶2–6); *see also* Dkt. #108-4 (Apx., Ex. D, pp. 61–72 (Appendix

---

[10] As explained in Note 3, *supra*, Van does not challenge Professor Fitzpatrick's qualifications regarding the Typical Recovery Opinions.

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)      Page 22 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 22 of 26

1))]; *In re ConAgra Foods, Inc.*, 302 F.R.D. at 551 (concluding expert's "academic training and practical experience qualify him" because his "academic training is directly relevant to his testimony," including "his undergraduate course work"); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) ("Rule 702 contemplates a *broad conception* of expert qualifications" and "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony") (emphasis in original) (quoting Advisory Committee Notes to Fed. Rule Evid. 702).

Given his background and experience, Professor Fitzpatrick is qualified to provide a fact-based opinion regarding whether utility will go up or down if class actions like this one are certified.

### B.   The Law of the Case Doctrine Does Not Apply Because the Court Did Not Rule on Whether LLR's Refund Program is Superior to Van's Class Action

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018) (internal quotations omitted). The law of the case doctrine "should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 23 of 26

doctrine would be unjust." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

"Application of the doctrine is discretionary." *U.S. v. Lummi Indian Tribe*, 235

F.3d 443, 452 (9th Cir. 2000).

The law of the case doctrine does not apply here because the Court did not

previously decide that LLR's refund program is not superior to this class action.

[Dkt. #72, at pp. 18–19.] Instead, the Court noted the split in authority regarding

whether defendant administered refund programs are a form of adjudication under

Rule 23(b)(3), and noted that "[a]t this point, the court cannot conclude that the

proposed class action is not a superior method of adjudication the controversy."

[*Id*., at p. 19.][11]

As LLR highlighted in its Opposition to Motion for Class Certification [Dkt.

#107, at pp. 24–25], the majority view is to consider defendant-administered

refund programs as a method of adjudication under Rule 23(b)(3). *See* 1

McLaughlin on Class Actions § 5:63 (17th ed.) ("In the consumer context, the

*majority of courts* to consider the question have held that a defendant administered

refund program may be found superior to a class action, and denied certification on

---

[11] Assuming, *arguendo*, that the Court did make a ruling on the superiority
element, the Court could still reconsider its prior position. *Askins*, 899 F.3d at 1042
("The law of the case doctrine does not, however, bar a court from reconsidering
its own orders before judgment is entered or the court is otherwise divested of
jurisdiction over the order.")

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick
(ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)        Page 24 of 26

that basis.") (emphasis added); *see also* Wright & Miler, 7AA Fed. Prac. & Proc. Civ. § 1779 (3d ed.) ("The court need not confine itself to other available 'judicial' methods of handling the controversy in deciding the superiority of the class action."). Van did not dispute that this is the majority approach in her reply brief to the motion for class certification.

With the benefit of the additional legal briefing in LLR's Opposition to Motion to Class Certification, as well as Professor Fitzpatrick's opinions, the Court may have concluded at the pleading stage that LLR's refund program is superior to Van's class action.

## IV.    CONCLUSION

For the foregoing reasons, LLR respectfully requests that the Court deny Van's Motion.

DATED this 21st day of June, 2021.

SNELL & WILMER L.L.P.

By  s/  *Randolph T. Moore*
    Steven T. Graham (*pro hac vice*)
    Randolph T. Moore (*pro hac vice*)

LANE POWELL LLC

By  s/  *Brewster H. Jamieson*
    Brewster H. Jamieson, ABA No. 8411122
    Michael B. Baylous, ABA No. 0905022
Attorneys for Defendants

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)          Page 25 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 25 of 26

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.4(a)(2)–(4), I certify that this memorandum contains 4,505 words, excluding case caption, signature blocks, table of contents, and table of citations.

*/s/ Randolph T. Moore*

I certify that on June 21, 2021, a copy of the foregoing was served electronically on:

R. Bruce Carlson, bcarlson@carlsonlynch.com
Kelly K. Iverson, kiverson@carlsonlynch.com
James J. Davis, Jr., jdavis@njp-law.com
Goriune Dudukgian, gdudukgian@njp-law.com
Steven T. Graham, sgraham@swlaw.com
Randolph T. Moore, rmoore@swlaw.com

/s/  *Randolph T. Moore*

4812-6834-6094

Memorandum in Opposition to Plaintiff's Motion to Strike Expert Declaration of Brian Fitzpatrick, Esquire, (ECF 108-4)
*Katie Van v. LLR, Inc. d/b/a LuLaRoe, LuLaRoe, LLC* (Case No. 3:18-cv-00197-HRH)     Page 26 of 26

Case 3:18-cv-00197-HRH   Document 115   Filed 06/21/21   Page 26 of 26