IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KATIE VAN, individually and on behalf of )
all others similarly situated, )
)
        Plaintiff, )
)
 vs. )
)
LLR, INC., d/b/a LuLaRoe, and LULAROE, )
LLC, )  No. 3:18-cv-0197-HRH
)
        Defendants. )
_____)

O R D E R

Motion to Strike Expert Declaration[1]

Plaintiff, on behalf of herself and a proposed class, moves to strike the expert declaration of Brian Fitzpatrick. The motion is opposed,[2] and a reply has been filed.[3] Oral argument has been requested but is not deemed necessary for this evidentiary motion.

Background

In a second amended class action complaint,[4] plaintiff's Count I alleges a violation of the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471(a)

---

[1]Docket No. 111.

[2]Docket No. 115.

[3]Docket No. 116.

[4]Docket No. 73.

ORDER – Motion to Strike Expert Declaration                   - 1 -

("UTPCPA"). Plaintiff contends that defendants unlawfully invoiced them for a nonexistent tax in connection with retail sales of defendants' products. Plaintiff seeks compensatory damages and statutory damages.

Plaintiff has moved for class certification of her UTPCPA claim.[5] The proposed class consists of: "all persons who paid 'tax' on a purchase of LuLaRoe products and whose purchase was delivered into a location in Alaska that does not assess a sales or use tax on the clothing that LuLaRoe sells."[6] Class certification is opposed by defendants.[7] In support of their opposition, defendants offer the declaration of Brian T. Fitzpatrick. Fitzpatrick is "a Professor of Law at Vanderbilt University in Nashville, Tennessee[,]" whose "teaching and research [has] focused on class action litigation."[8] He was retained by defendants to "opine on whether this lawsuit should be certified as a class action in light of the efforts the defendants have made to voluntarily refund the sales tax they overcollected."[9]

The motion now before the court seeks to have Fitzpatrick's declaration stricken – that is, declared inadmissible. Plaintiff seeks to strike Fitzpatrick's declaration on three grounds. First, plaintiff appears to question Fitzpatrick's qualifications. Second, she contends that Fitzpatrick's opinions are improper legal conclusions. Third, plaintiff contends that Fitzpatrick's opinions are irrelevant.

---

[5]Plaintiff's Motion for Class Certification at 1, Docket No. 96.

[6]Id.

[7]Docket No. 107.

[8]Declaration of Brian T. Fitzpatrick at 1, ¶¶ 1-2, Exhibit D, Appendix of Exhibits [etc.], Docket No. 108.

[9]Id. at 5, ¶ 6.

Discussion

"'[I]n evaluating challenged expert testimony in support of [or in opposition to] class certification, a district court should evaluate admissibility under the standard set forth in Daubert. . . .'" Grodzitsky v. Amer. Honda Motor Co., 957 F.3d 979, 984 (9th Cir. 2020) (quoting Sali v. Corona Reg'l Med. Ctr., 909 F.3d 996, 1006 (9th Cir. 2018)). "Before admitting expert testimony into evidence, the district court must perform a 'gatekeeping role' of ensuring that the testimony is both 'relevant' and 'reliable' under Rule 702." United States v. Ruvalcaba-Garcia, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)).

> Rule 702 of the Federal Rules of Evidence provides that expert opinion evidence is admissible if: (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

City of Pomona v. SQM North America Corp., 750 F.3d 1036, 1043 (9th Cir. 2014).

"Relevancy simply requires that 'the evidence logically advance a material aspect of the party's case.'" Ruvalcaba-Garcia, 923 F.3d at 1188 (quoting Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir. 2014)). "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." Daubert, 509 U.S. at 591 (citation omitted).

"'[R]eliability' . . . requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" Ruvalcaba-Garcia, 923 F.3d at 1188-89 (quoting Barabin, 704 F.3d at 463). "The district court must assess whether 'the

reasoning or methodology underlying the testimony is scientifically valid' and 'properly can be applied to the facts in issue[.]'" Id. at 1189 (quoting Daubert, 509 U.S. at 592–93). "'The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury.'" City of Pomona, 750 F.3d at 1044 (quoting Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc., 738 F.3d 960, 969-70 (9th Cir. 2013)).

Fitzpatrick's expert report in the form of a lengthy declaration opens with five paragraphs of background and qualifications.[10] His opinions are summarized in paragraphs 6 and 7,[11] and a further summary of his opinions appears at paragraph 38.[12] Fitzpatrick's first through fourth summary opinions address, with slight variations, Fitzpatrick's opinion that defendants' refund program gave plaintiff a recovery larger than plaintiff might have expected as the result of the settlement of a typical class action.[13] Fitzpatrick's fifth summary opinion is that "[i]t is likely to undermine social welfare to certify class actions solely for extra-compensatory damages like punitive and statutory damages."[14] Fitzpatrick's sixth summary opinion states: "[c]ertifying a class action here would serve neither the compensatory nor deterrent purpose of the class action

---

[10] Fitzpatrick Declaration at 1-4, Exhibit D, Appendix of Exhibits [etc.], Docket No. 108.

[11] Id. at 5-6.

[12] Id. at 18-19.

[13] Id. at 18-19, ¶ 38(1)-(4).

[14] Id. at 19, ¶ 38(5).

and is likely to undermine social welfare."[15] Based on these opinions, Fitzpatrick urges that the court not certify this case as a class action.[16]

Plaintiff first challenges Fitzpatrick's qualifications, arguing that he is not qualified to offer opinions on social welfare. Fitzpatrick's summary opinion about undermining social welfare through class action settlements was, at first blush, off-putting. Careful review of Fitzpatrick's qualifications demonstrates that his expertise lies in the area where class action law and economics intersect. The court is satisfied that Fitzpatrick's education and research experience qualify him to offer opinions as to the results achieved in class action settlements and to opine on the subject of the effects of over-compensation or over-deterrents on social welfare.

Secondly, plaintiff seeks to strike Fitzpatrick's declaration because his opinions improperly assert legal conclusions.[17] Fitzpatrick's four summary opinions with respect to Rule 23 class actions in general and the results of voluntary refund programs are not legal conclusions. They are the result of Fitzpatrick's research, the essence of which is his conclusion that

> the refunds already issued to the credit and debit accounts of the putative class members by the defendants' voluntary refund program have delivered more compensation and generated more deterrence than the typical class action would have.[18]

---

[15]Id. at 19, ¶ 38(6).

[16]Id. at 19, ¶ 39.

[17]Plaintiff's Memorandum of Law in Support of Motion to Strike Expert Declaration [etc.] at 5, Docket No. 112.

[18]Fitzpatrick Declaration at 9, ¶ 17, Exhibit D, Appendix of Exhibits [etc.], Docket No. 108.

This is not a legal conclusion. Rather, it is Fitzpatrick's research-based comparison of defendants' refund program to results achieved in other class actions. Fitzpatrick's fifth and sixth "social welfare" opinions are also not legal conclusions. These opinions are based upon Fitzpatrick's sophisticated evaluation of the consequences of class action plaintiffs receiving more compensation than their actual losses.

Although plaintiff has not challenged the reliability of Fitzpatrick's opinions, the court must consider the reliability of an expert's opinions in order to fulfill its gatekeeping function. One may or may not be persuaded by Fitzpatrick's opinions, but they are based upon principles which the court recognizes as legitimate. In enacting the UTPCPA, the Alaska Legislature has obviously endorsed a policy in favor of <u>both</u> compensatory damages and statutory damages, the obvious purpose of which is deterrence of bad conduct. As articulated by Fitzpatrick, concepts of social welfare and interaction of law and economics arguably favor some constraints on statutory or punitive damages. As Fitzpatrick argues, overcompensating or over-deterring can have economic consequences. The State's decision to impose statutory damages and Fitzpatrick's opinion that statutory damages can overcompensate or over-deter are both reliable approaches to a policy concerning unfair trade practices.

Finally, plaintiff argues that Fitzpatrick's declaration should be stricken because his opinions are not relevant to the issues raised in her class certification motion. "A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." <u>Wang v. Chinese Daily News, Inc.</u>, 737 F.3d 538, 542 (9th Cir. 2013). Plaintiff seeks to certify a class pursuant to Rule 23(b)(3).

Rule 23(b)(3) provides that a class action may be certified if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Rule 23(b)(3) then continues with a non-exclusive list of factors to be considered in making those findings. Rule 23(b)(3) expressly specifies that

> matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fitzpatrick's declaration focuses on the superiority requirement of Rule 23(b)(3). Plaintiff first argues that his opinions are irrelevant to the superiority issue because they are inconsistent with a prior holding of the court as to superiority. The superiority – or not – of a class action was discussed by the court in its ruling on defendants' motion to strike class action allegations.[19] As a general proposition, the court is disinclined to revisit issues as to which it has already ruled. However, in deciding defendants' motion to strike class allegations, the court did not rule one way or the other on the superiority issue. Rather, as plaintiff recognizes, the court ruled that: "[a]t this point, the court cannot conclude that the proposed class action is not a superior method of adjudicating

---

[19] Order re Motion to Dismiss; Motion to Strike at 18-19, Docket No. 72.

the controversy."[20] Stripped of the negatives, the court now has before it the question of whether or not plaintiff's proposed class action is superior for purposes of Rule 23(b)(3). Fitzpatrick's opinions are relevant to that question.

As mentioned above, the factors in Rule 23(b)(3)(A) through (D) are not the exclusive evidentiary factors for purposes of determining superiority. The court is therefore entitled to consider other factors relevant to the question: "Is a class action preferable (a better remedy) than multiple, individual actions?" A voluntary refund program such as that implemented by defendant is, in the light of Fitzpatrick's opinions, a fact which logically advances a material aspect of plaintiff's case: the question of the superiority of a class action as opposed to individual actions.

The court does not overlook Fitzpatrick's closing statement of an opinion that "this lawsuit should not be certified as a class action."[21] Were the superiority issue going before a jury, the court would surely exclude the above-quoted final recommendation. Inasmuch as this matter is before the court for a decision, the court is quite able to ignore the recommendation against class certification and consider the primary thrust of Fitzpatrick's declaration: whether a voluntary refund program is a factor to be considered by the court in ruling on plaintiff's motion for class certification.

## Conclusion

The court concludes that Fitzpatrick is a qualified law and economics expert, that his opinions are not impermissible legal conclusions, and that his opinions are both reliable and relevant.

---

[20]Id. at 19.

[21]Fitzpatrick Declaration at 19, ¶ 39, Exhibit D, Appendix of Exhibits [etc.], Docket No. 108.

The court concludes that Fitzpatrick's declaration is admissible evidence for purposes of considering whether plaintiff's motion for class certification comports with the Rule 23(b)(3) superiority requirement. Plaintiff's motion to strike Fitzpatrick's declaration[22] is denied.

DATED at Anchorage, Alaska, this 13th day of July, 2021.

/s/ H. Russel Holland
United States District Judge

---

[22] Docket No. 111.