WO               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF ALASKA


KATIE VAN, individually and on behalf of    )
all others similarly situated,              )
                                            )
                             Plaintiff,     )
                                            )
      vs.                                   )
                                            )
LLR, INC., d/b/a LuLaRoe, and LULAROE,      )
LLC,                                        )          No. 3:18-cv-0197-HRH
                                            )
                             Defendants.    )
_____)


                           O R D E R

      Motion to Certify Question of Law to the Alaska Supreme Court

      Defendants LLR, Inc. and LuLaRoe, LLC move to certify a question of law to the

Alaska Supreme Court.[1] Plaintiff Katie Van opposes this motion.[2] Oral argument was not

requested and is not deemed necessary.

                          Background

      "LuLaRoe is a multilevel-marketing company that sells clothing through fashion

retailers located in all fifty states to consumers across the United States."[3] Plaintiff alleges

_____

      [1]Docket No. 130.

      [2]Docket No. 139.

      [3]Second Amended Class Action Complaint at 3, ¶ 7, Docket No. 73.

                             -1-

that she "resides in Anchorage, Alaska, which has no sales or use tax."[4] She alleges that she "made purchases from LuLaRoe retailers in other states and had those purchases shipped to her home in Anchorage, Alaska."[5] Plaintiff alleges that she "was charged a 'tax' on purchases that she made from LuLaRoe's remote consultants, but such charge was not a 'tax' and LuLaRoe knew it was not a 'tax'."[6]

Plaintiff commenced this action on September 5, 2018. On August 24, 2020, plaintiff filed a second amended class action complaint,[7] in which she asserted claims for common law conversion and violation of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPCPA") on behalf of herself and others similarly situated. On November 25, 2020, defendants answered plaintiff's second amended class action complaint.[8] Defendants asserted the Voluntary Payment Doctrine ("VPD") as their Twentieth Affirmative Defense.[9] "'The voluntary payment doctrine is an affirmative defense that provides that one who makes a payment voluntarily cannot recover it on the ground that he was under no legal obligation to make the payment.'" JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200

---

[4]Id. at 10, ¶ 60.

[5]Id. at 10, ¶ 61.

[6]Id. at 10, ¶ 62.

[7]Docket No. 73.

[8]Docket No. 81.

[9]Id. at 32, ¶ 153.

F. Supp. 3d 1141, 1177 (D. Nev. 2016) (quoting Nevada Ass'n Servs., Inc. v. Eighth Jud. Dist. Court, 338 P.3d 1250, 1253 (Nev. 2014)).  Defendants alleged that "[p]laintiff's and the putative class' claims are barred, in whole or in part, under the voluntary payment doctrine because they voluntarily paid the sales taxes with full knowledge, or means of knowledge of the facts, of the sales taxes they paid."[10]

On January 4, 2021, plaintiff moved to strike defendants' Twentieth Affirmative Defense.[11] On March 3, 2021, the court granted plaintiff's motion to strike in part and denied it in part.[12] In deciding plaintiff's motion to strike, the court had to predict what the Alaska Supreme Court would do because "[t]he Alaska Supreme Court has never recognized the VPD as a defense to a conversion claim or a statutory consumer protection claim."[13] Based on all the "available data," Fast Trak Investment Co. v. Sax, 962 F.3d 455, 465 (9th Cir. 2020), which included the statute itself, analogous Alaska case law, and relevant out-of-state case law, the court "predict[ed] that the Alaska Supreme Court would hold that the VPD applies to plaintiff's common law conversion claim."[14] The court also "predict[ed] that the Alaska Supreme Court would hold that the VPD, which is a common law defense that, if

---

[10]Id.

[11]Docket No. 88.

[12]Docket No. 94.

[13]Id. at 6.

[14]Id. at 9-10.

applied, would essentially amount to a waiver of the protections of the UTPCPA, would be against public policy and thus would not be a viable defense to plaintiff's UTPCPA claim."[15]

On April 23, 2021, plaintiff filed her motion to certify a class as to her UTPCPA claim only.[16] On September 16, 2021, the court granted plaintiff's motion to certify a class.[17] The court certified a class consisting of "[a]ll persons who paid 'tax' on a purchase of LuLaRoe products and whose purchase was delivered into a location in Alaska that does not assess a sales or use tax on the clothing that LuLaRoe sells."[18]

On September 30, 2021, defendants filed the instant motion in which they seek to certify the following question to the Alaska Supreme Court:

> Is the Voluntary Payment Doctrine (VPD) an affirmative defense to a violation of the Alaska Unfair Trade Practices and Consumer Protection Act (UTPCPA)?[[19]]

## Discussion

"[I]f state law permits it, [the court] may exercise [its] discretion to certify a question to the state's highest court." Childress v. Costco Wholesale Corp., 978 F.3d 664, 665 (9th Cir. 2020). Alaska Rule of Appellate Procedure 407 provides that the Alaska Supreme Court

---

[15]Id. at 15.

[16]Docket No. 96.

[17]Docket No. 127.

[18]Id. at 29 (citation omitted).

[19]Motion to Certify Question of Law to the Alaska Supreme Court at 2, Docket No. 130.

-4-

may answer questions of law certified to it by . . . a United States district court, . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

Both of the foregoing requirements are met here. The issue of whether the VPD is a viable defense to plaintiff's UTPCPA claim could be determinative because if the VPD is a viable defense, plaintiff's UTPCPA claim could be barred. And, there is no controlling precedent on this issue.

That does not mean, however, that defendants' motion to certify should be granted. Rather, it only means that state law would permit certification of the VPD question.

The court, having determined that state law would permit certification, must then determine whether it should exercise its discretion and grant the instant motion. As the Ninth Circuit has pointed out, "the certification process" should only be invoked "after careful consideration" and the court should "not do so lightly." Kremen v. Cohen, 325 F.3d 1035, 1037 (9th Cir. 2003). In deciding whether to exercise its discretion, the court considers the following factors:

(1) whether the question presents "important public policy ramifications" yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) "the spirit of comity and federalism."

High Country Paving, Inc. v. United Fire & Casualty Co., 14 F.4th 976, 978 (9th Cir. 2021) (quoting Kremen, 325 F.3d at 1037–38). "Additionally, a federal court may consider the

-5-

timing of the certification, and whether certification will achieve savings to time, money, and resources or promote cooperative judicial federalism." Carolina Cas. Ins. Co. v. McGhan, 572 F. Supp. 2d 1222, 1226 (D. Nev. 2008).

Courts "have long looked with disfavor upon motions to certify that are filed after the moving party has failed to avail itself of a prior opportunity to seek certification." Hinojos v. Kohl's Corp., 718 F.3d 1098, 1108 (9th Cir. 2013). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision. A party should not be allowed "a second chance at victory" through certification . . . after an adverse district court ruling." Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008) (quoting In re Complaint of McLinn, 744 F.2d 677, 681 (9th Cir. 1984)). "[A]llowing parties to exploit certification as a de facto reconsideration or appeal would turn the district court's decision into 'nothing but a gamble.'" Wilson v. Playtika Ltd., Case No. 3:18-cv-05277-RBL, 2020 WL 2512905, at *1 (W.D. Wash. May 15, 2020) (quoting Thompson, 547 F.3d at 1065).

Here, defendants did not seek certification in response to plaintiff's motion to strike their VPD affirmative defense. They did seek not certification via a motion for reconsideration of the court's order granting plaintiff's motion to strike defendants' VPD affirmative defense as to her UTPCPA claim. And, defendants did not seek certification in response to plaintiff's motion to certify a class. Rather, they have waited to seek certification until after the court granted plaintiff's motion to certify a class and more than six months after the court

-6-

granted plaintiff's motion to strike the VPD defense as to plaintiff's UTPCPA claim. The court is not persuaded by defendants' contention that they could not have sought certification earlier. Defendants could have moved to certify the VPD question they now seek to certify in response to plaintiff's motion to strike. The VPD question may present a novel issue of some importance that the state court has yet to resolve. But, there was no reason for defendants to wait until after the parties and the court had devoted substantial time and resources to this issue. While a court may grant a motion to certify even if the moving party has delayed in bringing the motion, Broad v. Mannesmann Anlagenbau AG, 196 F.3d 1075, 1076 and n.3 (9th Cir. 1999), the court will not, in its discretion, do so here. Defendants' motion to certify is nothing more than an attempt to obtain "a second chance at victory through certification." Hinojos, 718 F.3d at 1109 (citation omitted).

Although the untimeliness of the instant motion provides a sufficient basis for the court to deny the motion, there is another reason the court finds certification to the Alaska Supreme Court inappropriate. "Questions should not be certified if the answer is reasonably clear." Pai 'Ohana v. United States, 875 F. Supp. 680, 700 (D. Hawai'i 1995). The answer to the question of whether the VPD is a viable defense to a UTPCPA claim was reasonably clear based on the statutory language providing that "[a] waiver by a consumer of the provisions" of the UTPCPA "is contrary to public policy and is unenforceable and void[,]" AS 45.50.542, and the other available data on which the court relied. In this case, there was

-7-

"more than sufficient guidance with regard to the state-law" question at issue.  <u>Hinojos</u>, 718 F.3d at 1108.

<u>Conclusion</u>

Based on the foregoing, defendants' motion to certify a question of law to the Alaska Supreme Court is denied.

DATED at Anchorage, Alaska, this 9th day of November, 2021.

/s/ H. Russel Holland     <br>United States District Judge