IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATIE VAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LLR, INC., d/b/a LuLaRoe; and LULAROE, LLC,<br><br>Defendants. | Case No. 3:18-cv-00197-JMK<br><br>**ORDER RE JOINT STATUS REPORT AND FUTURE SCHEDULING** |

At Docket 159, this Court issued an Order partially staying the proceedings in this case until thirty days following receipt of the mandate of the Ninth Circuit in connection with Defendants' then-pending appeal. The Court also ordered the Parties to submit a Joint Status Report concerning new scheduling matters flowing from the Ninth Circuit's decision within fourteen days of the Ninth Circuit's mandate.[1] The Ninth Circuit issued its mandate on April 4, 2022,[2] and the Parties timely submitted a Joint Status Report on April 18, 2023.[3] The Court held a status conference on May 1, 2023, at which time the

---

[1] Docket 159 at 5.
[2] Docket 164.
[3] Docket 168.

Court invited the Parties to submit additional scheduling status reports.[4] The Parties filed their additional status reports at Dockets 172 and 173, respectively.

The parties disagree as to how this case should proceed. Defendants take issue with Plaintiffs' Amended Motion for Class Certification, filed at Docket 167, arguing that allowing Plaintiffs to redefine the class at this stage subverts the Ninth Circuit's direction on remand and prejudices Defendants, who have "litigated based on the same class definition over the past six years."[5] In the initial joint status report, Defendants contend that they should be given an opportunity to conduct limited precertification class discovery for a period of forty-five days before a new motion for class certification is filed.[6] At the status conference and in their second status report, Defendants extended this request to ninety days.[7] Such discovery would allow Defendants to investigate price variations in the putative class members' transactions to determine if LuLaRoe offset sales tax in ways that were not listed as a discount on an invoice.[8] Defendants also contend that Plaintiff's Amended Motion for Class Certification improperly incorporates by reference portions of her prior Motion for Class Certification, creating confusion and "depriv[ing] the Court and any appellate court of a clear record."[9]

Plaintiff disputes the need for additional precertification discovery, given that the proposed revised class definition is narrower than the original and was previewed

---

[4] Docket 170 (text entry).
[5] Docket 172 at 3.
[6] Docket 168 at 10.
[7] Docket 172 at 3.
[8] Docket 168 at 10.
[9] Docket 172 at 5.

*Van v. LLR, Inc. et al*                  Case No. 3:18-cv-00197-JMK
Order Re: Joint Status Report and Future Scheduling                  Page 2
Case 3:18-cv-00197-JMK   Document 174   Filed 05/10/23   Page 2 of 5

at earlier points in this litigation, including at oral argument before the Ninth Circuit.[10] Plaintiff argues that Defendants have had ample time to engage in precertification discovery prior to the Ninth Circuit's decision, and the proposed narrowed class definition does not warrant additional factfinding.[11] If the Court grants Defendants' request for additional precertification discovery, Plaintiff contends that Defendants should be limited to their original request of forty-five days and Defendants should be ordered to disclose the identity of any third party on which it may rely for its opposition and produce all putative class members' transaction invoices and spreadsheets related to the invoices.[12]

"[I]t is not uncommon for district courts to permit renewed class certification motions that set out a narrower class definition or that rely upon different evidence or legal theories."[13] "An appellate ruling rejecting class certification does not change this ability to consider a renewed certification motion."[14] Although Plaintiffs' proposed narrowed class definition is inarguably outside the scope of the Ninth Circuit's remand, the Court is well within its discretion to entertain it at this stage. "According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate,'" and "[a]n order issued after remand may deviate

---

[10] Docket 173 at 2.
[11] *Id.* at 2–3.
[12] *Id.* at 4.
[13] *Dukes v. Wal-Mart Stores, Inc.*, No. C 01-02252 CRB, 2012 WL 4329009, at *4 (N.D. Cal. Sept. 21, 2012); *see also Moore v. Apple Inc.,* Case No. 14-CV-02269-LHK, 2015 WL 7351464, at *8 (N.D. Cal. Nov. 20, 2015) (considering a proposed narrower class definition on a motion for leave to file a motion for reconsideration).
[14] *Dukes*, 2012 WL 4329009, at *4 (citing *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007)).

*Van v. LLR, Inc. et al*  Case No. 3:18-cv-00197-JMK
Order Re: Joint Status Report and Future Scheduling  Page 3
Case 3:18-cv-00197-JMK   Document 174   Filed 05/10/23   Page 3 of 5

from the mandate . . . if it is not counter to the spirit of the circuit court's decision . . . ."[15]

The Court sees little sense in insisting that the Parties proceed through the remand in contemplation of a class that Plaintiff no longer seeks to certify when Plaintiff's proposed narrower class definition is the natural and foreseeable outcome of the Ninth Circuit's decision. Further, Defendants' arguments that they are prejudiced by the new class definition is undercut by the fact that Plaintiff contemplated this narrower class during the appeal. Lastly, Defendants' arguments that Plaintiff's incorporation by reference is confusing and muddies the record is unpersuasive. Defendants have ample opportunity to present any arguments against certification of the proposed narrowed class in their Opposition to Plaintiffs' Amended Motion for Class Certification. Accordingly, the Court ORDERS as follows:

    1.    Consistent with the Ninth Circuit's decision at Docket 163, the Order Granting Class Certification at Docket 127 is VACATED.

    2.    Plaintiffs Amended Motion for Class Certification at Docket 167 is accepted as filed and, for the purposes of the briefing schedule contained herein, will be treated as if it were filed on the same day as this Order.

    3.    Defendants' Opposition to Plaintiffs' Amended Motion for Class Certification is due sixty (60) days from the date of this Order. This allows Defendants the

---

[15] *United States v. Kellington*, 217 F.3d 1084, 1092–93 (9th Cir. 2000) (internal citations omitted); *see also Williams v. Warner Music Grp. Corp.*, No. 2:18-cv-09691-JWH-PJWx, 2021 WL 7448496, at *4 (C.D. Cal. Dec. 14, 2021) (holding that permitting Plaintiffs to file another motion for class certification arguably does not run afoul of the mandate rule but applying the motion for reconsideration standard where the Ninth Circuit affirmed the district court's denial of class certification).

requested forty-five days of additional precertification discovery plus an additional fifteen days to finish discovery and draft their Opposition.

4. Plaintiff's Reply in Support of its Amended Motion for Class Certification is due fourteen (14) days from the date that Defendants' Opposition is filed.

5. Defendants are granted an additional ten (10) pages beyond the limits set out in Local Civil Rule 7.4(a)(2) for their Opposition and Plaintiff is granted the same for her Reply.

6. Within forty-five (45) days from the date of this Order, Defendants shall produce to Plaintiff (a) any putative class members' transaction invoices and spreadsheets generated by Defendants' system that Defendants intend to rely on for their Opposition; and (b) the identities of any third parties on whom Defendants intend to rely in their Opposition.

7. All other deadlines in this proceeding remain STAYED. The Court will issue an Order directing the Parties to meet and confer regarding new pretrial deadlines after it rules on Plaintiffs' Amended Motion for Class Certification.

IT IS SO ORDERED this 10th day of May, 2023, at Anchorage, Alaska.

                                                        */s/ Joshua M. Kindred*
                                                       JOSHUA M. KINDRED
                                                     United States District Judge

*Van v. LLR, Inc. et al*                                                        Case No. 3:18-cv-00197-JMK
Order Re: Joint Status Report and Future Scheduling                        Page 5
Case 3:18-cv-00197-JMK    Document 174    Filed 05/10/23    Page 5 of 5