# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

KATIE VAN, individually and on behalf of all others similarly situated,

          Plaintiff,

    v.

LLR, INC., d/b/a LuLaRoe; and LULAROE, LLC,

          Defendants.

Case No. 3:18-cv-00197-SLG

## ORDER ON MOTION FOR LEAVE TO MOVE TO ALTER CLASS CERTIFICATION ORDER OR, IN THE ALTERNATIVE, TO FILE A RENEWED MOTION FOR CLASS CERTIFICATION

Before the Court at Docket 219 is Plaintiff Katie Van's Motion for Leave to Move to Alter Class Certification Order Or, in the Alternative, to File a Renewed Motion for Class Certification. Defendants LLR, Inc., d/b/a LuLaRoe, and Lularoe, LLC responded in opposition at Docket 220 and Ms. Van replied at Docket 225.

Ms. Van asserts that the order denying class certification at Docket 203 should be revisited because "[s]uch a significant decision in this case should not rely on a legal issue that was not fully briefed, and this Court should take a second look at the predominance and standing issue after adequate presentation of the issue by the parties."[1]  While she acknowledges that "the Ninth Circuit remanded

---

[1] Docket 219 at 5.

the case for consideration of predominance issues, which might implicate Article III standing issues," Ms. Van contends that "Article III questions were secondary to the Ninth Circuit's holdings, and [her] renewed motion eliminated the discounts discussed by the Ninth Circuit."[2] Alternatively, Ms. Van asks for leave to file a renewed motion for class certification with an amended class definition, which she submits would ameliorate the Court's concerns that individualized issues predominate.[3]

Defendants respond that Ms. Van's motion is procedurally improper as it seeks reconsideration and is untimely.[4] Further, Defendants point out that there has been no material change in circumstances that warrants leave to file a renewed motion.[5] With respect to Ms. Van's contentions regarding the parties' briefing, Defendants assert that Ms. Van invoked the standing issue herself in her renewed motion for class certification and that Defendants dedicated a portion of its own briefing to the issue.[6]

Rule 23 provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."[7] "Even after a certification order is

---

[2] Docket 225 at 3–4.

[3] Docket 219 at 5–6.

[4] Docket 220 at 7–8.

[5] Docket 220 at 9–10.

[6] Docket 220 at 3 (first citing Docket 167-1 at 1, then citing Docket 176 at 13–16, 22–26).

[7] Fed. R. Civ. P. 23(c)(1)(C).

Case No. 3:18-cv-00197-SLG, *Van v. LLR, Inc. et al.*
Order on Motion for Leave to Move to Alter Class Certification Order
Page 2 of 5

Case 3:18-cv-00197-SLG     Document 229     Filed 01/15/25     Page 2 of 5

entered, the judge remains free to modify it in the light of subsequent developments in the litigation."[8]  District courts in the Ninth Circuit have noted that "[t]his latitude . . . is limited, as Rule 23(c)(1)(C) applies where 'subsequent developments' warrant revisiting a class certification decision."[9]

Ms. Van has not identified subsequent developments in this litigation, such as new law or evidence, or other circumstances that warrant altering the order denying class certification.  Instead, Ms. Van seeks reconsideration of the order because it denied class certification on a basis that she asserts was not adequately briefed.  This is not a proper basis for altering an order regarding class certification pursuant to Rule 23(c)(1)(C).  And the deadline for seeking reconsideration had long passed when Ms. Van filed her motion.[10]

Assuming *arguendo* Ms. Van's request was procedurally proper, it is not necessary to revisit the prior order.  As Ms. Van correctly points out, the parties

---

[8] *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).

[9] *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, Case No. 2:15-cv-00799-KJM-DB, 2020 WL 230204, at *3 (E.D. Cal. Jan. 15, 2020) (internal quotation marks and citation omitted); *see also Hayes v. Magnachip Semiconductor Corp.*, Case No. 14-cv-01160-JST, 2017 WL 512777, at *1 (N.D. Cal. Feb. 8, 2017); *Hartman v. United Bank Card, Inc.*, 291 F.R.D. 591, 597 (W.D. Wash. 2013) ("Reconsideration of an original class ruling typically occurs as a result of a change in circumstances, and '[i]n the absence of materially changed or clarified circumstances . . . courts should not condone a series of rearguments on the class issues by either the proponent or the opponent of the class[.]'" (alterations in original) (first citing *Pope v. Harvard Bancshares, Inc.,* 240 F.R.D. 383, 387 (N.D. Ill. 2006), then quoting 3 Newberg and Rubenstein on Class Actions § 7:47 (6th ed.))).

[10] *See* Local Civ. R. 7.4(h)(2)(A) (requiring a motion for reconsideration be filed "not later than 7 days after the entry of the order"); Docket 219 (filed October 10, 2024, over nine months after the Court's December 5, 2023 order denying class certification).

Case No. 3:18-cv-00197-SLG, *Van v. LLR, Inc. et al.*
Order on Motion for Leave to Move to Alter Class Certification Order
Page 3 of 5

did not address in their briefing the law with respect to standing.  However, the standing issue was squarely presented by the Ninth Circuit's decision vacating and remanding the order granting class certification.[11]  Further, although the parties did not address the law with respect to standing, their briefing discussed in detail whether individualized issues with respect to whether putative class members suffered damages or an "ascertainable loss."[12]  Defendants noted that factual arguments regarding "ascertainable loss" mapped onto a standing analysis— whether individual issues regarding whether putative class members suffered an injury-in-fact would predominate over common issues.[13]

Additionally, Ms. Van asserts that their "renewed motion eliminated the discounts discussed by the Ninth Circuit."[14]  This reiterates an argument that she raised in her renewed motion for class certification and that the Court rejected. The Court concluded that "discounts were not consistently reflected on invoices or provided in the same ways to all customers. As a result, there appears to be no

---

[11] *Van v. LLR, Inc.*, 61 F.4th 1053, 1068 n.12 (9th Cir. 2023) ("[T]his issue also takes on a constitutional dimension: If these class members have not suffered any loss or injury, they also lack Article III standing. 'The Supreme Court expressly held open the question whether every class member must demonstrate standing before a court certifies a class.' We need not answer that question in this appeal, but the district court may be required to address the issue on remand." (quoting *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 n. 32 (9th Cir. 2022)).

[12] Docket 176 at 22–26.

[13] Docket 176 at 22 n.4 ("Separately, Article III requires as much for standing." (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021))).

[14] Docket 225 at 4.

Case No. 3:18-cv-00197-SLG, *Van v. LLR, Inc. et al.*
Order on Motion for Leave to Move to Alter Class Certification Order
Page 4 of 5

Case 3:18-cv-00197-SLG     Document 229     Filed 01/15/25     Page 4 of 5

means of common proof that would allow LLR to litigate whether an individual class member has standing and may recover damages."[15] Ultimatley, Ms. Van fails to demonstrate a basis to alter the prior order and reiterates arguments she previously made.

For the foregoing reasons, the Court declines to allow leave for Ms. Van to move to alter the order denying class certification or file another motion for class certification. Therefore, Ms. Van's motion at Docket 219 is DENIED.

DATED this 15th day of January 2025.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[15] Docket 203 at 24.

Case No. 3:18-cv-00197-SLG, *Van v. LLR, Inc. et al.*
Order on Motion for Leave to Move to Alter Class Certification Order
Page 5 of 5